# Exhibit "A"



**DODSON FOWLER WILLIAMS & NESI, PLC**

*Personal Injury & Professional Licensing*

18538 Mack Ave.
Grosse Pointe Farms, MI, 48236

(313) 458-8276
(313) 469-7085 (Fax)

*Family Law
Probate Law &
Trust Litigation*

722 Notre Dame
Grosse Pointe, MI 48230

(313) 886-5769
(313) 886-5851 (Fax)

ffwplc.com

---

*Attorneys*

Nathan A. Dodson, Esq.
Aimee M. Fowler, Esq.
Daniel J. Williams, Esq.
Christopher J. Nesi, Esq.
Erin E. Avey, Esq.

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

VICKI ACKERMAN,

    Plaintiff,

v.

WAL-MART STORES, INC.,
a Foreign Corporation,

    Defendant.

Case No. 22-    -NI
Hon.

_____/

NATHAN DODSON (P68560)
*DODSON FOWLER WILLIAMS & NESI, PLC*
Attorneys for Plaintiff
18538 Mack Avenue
Grosse Pointe, Farms, MI 48236
(313) 458-8276 /(313) 469-7085 [Fax]
n.dodson@dfwnplc.com

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

### PLAINTIFF'S COMPLAINT

**NOW COMES** the Plaintiff, VICKI ACKERMAN, by and through her attorneys, DODSON FOWLER WILLIAMS & NESI, PLC, and for her Complaint against the Defendant, WAL-MART STORES, INC., states as follows:

1.    That Plaintiff, VICKI ACKERMAN, is a resident of the City of Livonia, County of Wayne, State of Michigan.

2.    That at all times hereinafter mentioned, Defendant, WAL-MART STORES, INC., (hereinafter WAL-MART) is a foreign corporation and did business and was the owner and/or

maintainer of real property in the form of a supermarket and general merchandise store, located at 29574 West Seven Mile Road in the City of Livonia, County of Wayne, State of Michigan.

3. That jurisdiction and venue are proper as the events giving rise to Plaintiff's Complaint occurred in the County of Wayne, State of Michigan and the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

4. That the amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates by reference paragraphs 1 through 4 as if fully stated herein.

6. That on or about April 7, 2021, Plaintiff VICKI ACKERMAN was a business invitee at the Defendant's store, located at 29574 West Seven Mile Road in the City of Livonia, County of Wayne, State of Michigan.

7. That on that date, Plaintiff was shopping in Defendant's store, when she suddenly and without warning slipped and fell on an unreasonably dangerous condition, namely a slippery and transparent liquid that had been allowed to accumulate on the floor for an unreasonable amount of time.

8. That as a result of the slip and fall, Plaintiff suffered serious and disabling bodily injury, as more fully hereinafter set forth.

9. That at all times relevant to the within, Defendant had exclusive possession and control of the area where the subject incident occurred.

## COUNT I – NEGLIGENCE AS TO DEFENDANT WAL-MART STORES, INC.

10. Plaintiff incorporates by reference paragraphs 1 through 9 as if fully stated herein.

11. That at all times relevant within, Defendant owed a duty to Plaintiff to properly maintain the premises and was in a position to best control and present the condition exposing

Plaintiff to unreasonable risk of harm and knew of the defective and unsafe condition on the restroom floor.

12. That the Defendant owed a duty to Plaintiff to inspect the area to ensure that the premises would pose no risk of unreasonable harm to those lawfully on the premises.

13. That notwithstanding said knowledge and in total disregard of said duties, Defendant breached same by the following omissions, including but not limed to:

    a. Allowing the dangerous and unsafe condition to remain on the ground at the entrance for an unreasonable period of time;

    b. Failing to clean, maintain and/or inspect the area, thereby negligently and carelessly increasing said hazardous condition;

    c. Negligently and carelessly failing to keep the area in a condition fit for its intended and foreseeable use and allowing said hazard to remain in the area where customers were known to traverse regularly;

    d. Failing to warn business invitees and others of the dangerous and hazardous condition on the premises;

    e. Otherwise breaching additional duties owed.

14. That Defendant is liable for the negligence actions/inactions of its employees, representatives pursuant to the *doctrine of respondeat superior*.

15. That Defendant, under a separate and distinct duty owed to Plaintiff, is responsible for the active-negligence of its employees and is liable to Plaintiff for the injuries sustained by her.

16. That Defendant, under a separate and distinct duty owed to Plaintiff, through its active negligence created a new hazard altering the premises, which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

17. That as a direct and proximate result of Defendant's negligence and carelessness, Plaintiff sustained damages including, but not necessarily limited to:

    a. Injuries to the head, neck, back, shoulders, hips, upper extremities, and lower extremities, and other related and resultant injuries;

    b.    Physical pain and suffering and extensive physical therapy and other rehabilitation;

    c.    Disability and permanent scarring and disfigurement;

    d.    Mental anguish;

    e.    Fright and shock;

    f.    Denial of social pleasures and enjoyment of the usual activities of life;

    g.    Embarrassment, humiliation and mortification;

    h.    Medical expenses, past, present and future; and

    i.    Other damages allowed by law.

18. That in the event that Plaintiff was suffering from any other medical, psychological and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

**WHEREFORE**, Plaintiff prays that this Court award damages in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars to which Plaintiff may be found entitled, together with interest, costs and attorney fees.

Respectfully submitted,

DODSON FOWLER WILLIAMS & NESI, PLC

/s/ Nathan A. Dodson
NATHAN A. DODSON (P68560)
Attorney for Plaintiff
18538 Mack Avenue
Grosse Pointe Farms, MI 48236
(313) 458-8276 / Fax: (313) 469-7085
n.dodson@dfwnplc.com

Dated: April 8, 2022